**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUDY YEUNG, a/k/a Mui Wan Yeung,

Defendant - Appellant.

No. 10-10381

D.C. No. 3:09-cr-00376-SI-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted October 25, 2011
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and QUIST,[**] Senior District
Judge.

Even assuming there was a variance in proof between the single conspiracy

charged in the indictment and the three conspiracies allegedly proved at trial, the

variance did not prejudice Yeung's rights due to evidentiary spillover because

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior United States District Judge for
the Western District of Michigan, sitting by designation.

Yeung stood trial alone.  *See United States v. Anguiano*, 873 F.2d 1314, 1318 (9th Cir. 1989); *see also United States v. Liu*, 631 F.3d 993, 1000 (9th Cir. 2011). Yeung's reliance on *United States v. Lazarenko*, 564 F.3d 1026 (9th Cir. 2009), which involved retroactive misjoinder, is misplaced, because the government did not present to the jury any evidence related to any count that was not properly before the court or was subsequently dismissed.

The district court did not abuse its discretion by admitting evidence related to the three legitimate loans issued to Yeung.  This evidence was introduced to prove knowledge, intent, or motive, which are elements of the charged conspiracy, and the court provided a jury instruction to prevent confusion of the issues, if any. *See* Fed. R. Evid. 402, 403, and 404(b); *see also United States v. Khan*, 993 F.2d 1368, 1377–78 (9th Cir. 1993).

Yeung's claim that the government presented insufficient evidence of her intent to defraud also fails because a reasonable jury could conclude that Yeung intended to defraud banks by submitting false loan applications that misrepresented the borrowers' identities, incomes, and assets.

We also uphold the witness tampering convictions.  The district court did not abuse its discretion by admitting a witness's lay opinion regarding his understanding of statements made during a conversation with Yeung, because such

testimony was rationally based on the perception of the witness and helpful to the jury, for example by clarifying that the name "Auntie" referred to Judy Yeung, and "stuff in Hong Kong" referred to the Hang Seng Bank account letter. *See* Fed. R. Evid. 701. Additionally, the jury instructions' definition of "corrupt persuasion" is fully consistent with our case law, *see United States v. Doss*, 630 F.3d 1181, 1189–90 (9th Cir. 2011), and there is sufficient evidence in the record from which a rational juror could have concluded that Yeung affirmatively instructed Zhang and Louie to lie to law enforcement.

Yeung's conviction is **AFFIRMED**.[1]

---

[1] In a separate opinion filed concurrently with this memorandum disposition, we vacate and remand in part the district court's restitution award. Because the sentencing of alleged co-conspirator Alex Yee does not "have a direct relation to matters at issue," *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks omitted), we deny Yeung's request for judicial notice.